IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.  06-10160-01-WEB |
| ) | |
| JOSE ZAMORA-JIMENEZ, ) | |
| aka JOSE ELIASAR-JIMENEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report and his motion for a variance from the sentencing guideline range.  The court ruled orally on these matters at the sentencing hearing of January 8, 2007.  This written memorandum will supplement the court's oral ruling.

*Objections 1 & 2*.  The defendant's first objection concerns the finding in ¶ 34 of the PSR that he was convicted of Burglary in 1987.  Defendant says he has no recollection of any such conviction and denies that it was him.  His second objection concerns the finding in ¶ 44 that he was arrested in 1999 in Illinois.  Defendant says he has never been to Illinois and denies being arrested there.  Pursuant to Rule 32(i)(3)(B), the court finds that no ruling on these objections is necessary because the contested matters will not be taken into account and will not affect sentencing.

*Objection 3 & Motion for Variance*.  Defendant's third objection, and his motion for a variance, argues that the factors in § 3553(a) warrant a 3-level reduction in the offense level and a corresponding sentence between 33 to 41 months (instead of a guideline sentence between 46 to 57 months).  Defendant argues that he unlawfully re-entered the United States in order to help provide

support for his 12-year old daughter, who lives in Houston and who is a U.S. citizen. Defendant says the child's mother passed away in 2002, and that he could not make enough money in Mexico to provide support for the child.

The Government opposes the request, arguing that virtually every alien who unlawfully comes to the United States to work does so to help his family.

The defendant may well have re-entered the country with a purpose of helping his daughter, but as the Government points out, a similar motivation applies in many if not most instances of unlawful re-entry. The court believes that a sentence below the advisory guideline range in this case would constitute an unwarranted disparity from the sentences imposed on defendants in similar cases. Additionally, the defendant has a long history of being in the country unlawfully, and the court concludes that a sentence within the guideline range is necessary to provide adequate deterrence. Accordingly, defendant's motion for a variance is denied.

*Conclusion*.

Defendant's objection to the Presentence Report and motion for variance (Doc. 21) are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this   8th   Day of January, 2007, at Wichita, Ks.

s/Wesley E. Brown<br>
Wesley E. Brown<br>
U.S. Senior District Judge